UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EVETTE SIMMONS,

       Plaintiff,

**JURY TRIAL DEMANDED**

  --Against--

CITY OF NEW YORK, Deputy Inspector
JAMES DONNELLY, *individually;* Deputy
Inspector JEFFRY L. MISHULA,
*individually;* Inspector KENNETH COREY,
*individually* and Inspector BRIAN McGINN,
*individually,*

       Defendants,
-------------------------------------------------------------------X

  Plaintiff, EVETTE SIMMONS, by her attorneys, LAW OFFICES OF AMBROSE WOTORSON alleges as follows:

I. INTRODUCTION

  1. Plaintiff seeks to vindicate her civil rights because she has been subjected to employment discrimination on account of her race. Indeed, plaintiff, a nurse, has been employed with the New York City Police Department's Medical Division for 27 years, but in 2014 she was passed over for promotion to the position of Case Management Nurse Level II in favor of a white nurse who was less educated and less experienced than plaintiff. Currently, there are *no* black Case Manger Nurses at Level II.

1

2. To date, municipal defendants have only offered pretextual explanations for plaintiff's non-promotion. Moreover, plaintiff's non-promotion appears to fit within in a long-standing practice, policy and custom of non-promoting senior black nurses to the position of Case Management Nurse Level II.

II. JURISDICTION

3. This court has jurisdiction over the subject matter of this Complaint under the 42 U.S.C. Sections 1981 and 1983. Moreover, plaintiff is presently awaiting receipt of a right to sue letter from the United States Equal Employment Opportunity Commission, after requesting the same because of the passage of more than 180 days.

4. Venue is proper since the complained of acts occurred in this judicial district.

III. PARTIES

5. EVETTE SIMMONS, (hereinafter, Plaintiff") is black woman who resides a 2137 Schenectady Avenue, Brooklyn, New York, 11234, and she alleges on her own behalf, that at all relevant times, she was employed with municipal defendant City of New York, at the Medical Division of the City's Police Department. She has been so employed since 1988. She has possessed a Master's Degree in Nursing since 2003, and she was promoted

to Case Manager Nurse, Level I at the time of hire in 1988. On or about November 25, 2014, a less qualified nurse who is white, was promoted over plaintiff. Currently, there are no black Case Manger Nurses at Level II.

6. The CITY OF NEW YORK is an employer. It may sue and be sued, and at all relevant times, it employed plaintiff in the Medical Division of its Police Department. At all relevant times, plaintiff has served the City of New York as a Case Manager Nurse, Level I. Defendant passed plaintiff over for a position to a Case Manger Nurse, Level II on or about November 25, 2014. At all relevant times, the defendant has acted under color of state law and pursuant to its own practices, customs and policies.

7. Deputy Inspector JAMES DONNELLY, *individually;* Deputy Inspector JEFFRY L. MISHULA, *individually;* Inspector KENNETH COREY, *individually,* and Inspector BRIAN McGINN, *individually,* are all employed with municipal defendant City of New York, through its Police Department in supervisory positions over plaintiff. At all relevant times they supervised plaintiff, and aided and abetted the discrimination against plaintiff.

8. As well, theses individual defendants, at all relevant times acted under color of state law and were directly responsible for her non-promotion

as decision-makers in the promotional process. However, they are all sued in their *individual* capacities

    IV.  FACTUAL AVERMENTS

  9.  Plaintiff was initially hired on or about May 3, 1988 as a Case Manager Nurse, Level I.

  10.  However, plaintiff continued to vigorously pursue professional development opportunities, and obtained advanced clinical knowledge and superior credentialing.

  11.  Moreover, in 2003, plaintiff completed a course of studies leading to a Master Degree in Nursing. Thereafter, in the same year, she obtained an advanced license as Nurse-Practioner, and later in 2003 and in 2004, received citations form the Police Commissioner for educational achievement and superior performance on the job.

  12.  In April 26, 2013, Nilsa McNamara, who is a white Hispanic, was promoted over plaintiff. The decision to promote McNamara, over plaintiff in April 2013 was made by individual defendants Donnelly, Mishula and Corey while acting under color state law.

  13.  While McNamara had been employed with municipal defendant four years longer than plaintiff, McNamara did not possess a Masters Degree in Nursing, nor did she possess plaintiff's advanced clinical knowledge and

4

superior credentialing. Further, McNamara had not, upon information and belief, received citations form the Police Commissioner for educational achievements and/or superior performance on the job

14. On about December 23, 2013, Marilyn Almas, who is white, was promoted over plaintiff.

15. The decision to promote Almas over plaintiff in December 2013 was made by individual defendants Donnelly, Mishula and McGinn while acting under color state law.

16. While Almas had been employed with municipal defendant eight years longer than plaintiff, Almas did not possess a Masters Degree in Nursing, nor did she possess plaintiff's advanced clinical knowledge and superior credentialing. Further, Almas had not, upon information and belief, received citations form the Police Commissioner for educational achievement and/or superior performance on the job.

17. On or about April 25, 2014, plaintiff and Lynne Sanderson, also a black Case Manager Nurse Level I (CMN) and Cecilia Jordan a representative from the New York State Nurses Association, met with Captain Donnelly and Inspector McGinn from the Police Department's Medical Division, and complained about the Department's discriminatory

5

practices in passing her and other black nurses over for promotion. Plaintiff was engages in a protected activity when she so complained.

18. Thereafter, in August and September 2016, plaintiff, NYSNA Representative Jordan, and CMNs Patricia Tyrell and Lynne Sanderson, met with Inspector McGinn and the Deputy Commissioner of Labor Relations, John Beirne and once again, complained about the Department's discriminatory practices in passing her and other black nurses over for promotion to Case Manager Nurse, Level ll. Plaintiff was engaged in a protected activity in that instance as well.

19. Yet, on or about November 25, 2014, Eileen Fitzsimmons, who is white, was promoted over plaintiff.

20. The decision to promote Fitzsimmons over plaintiff, was made by individual defendants Donnelly, Mishula and McGuiness while acting under color state law

21. Fitzsimmons had been employed with Municipal defendant 12 years less that plaintiff at the time.

22. Further, Fitzsimmons did not possess a Masters Degree in Nursing, nor did she possess plaintiff's advanced clinical knowledge and superior credentialing. Fitzsimmons had not, upon information and belief,

6

received citations from the Police Commissioner for educational achievement and superior performance on the job.

23. Moreover, upon information and belief, Fitzsimmons' current duties, post-promotion, do not entail her doing any clinical duties. Instead, her currently duties are purely clerical in nature.

24. As a proximate result of defendants' illegal acts towards plaintiff, plaintiff has suffered a loss of earnings, bonuses and other employment benefits.

25. As a further proximate result of defendant' illegal actions towards plaintiff, plaintiff has suffered impairment and damage to plaintiff's good name and reputation.

26. As a further proximate result of defendant' illegal actions towards plaintiff, plaintiff has suffered mental anguish and emotional injuries.

27. As a further proximate result of defendant' illegal actions towards plaintiff, plaintiff has been unable to ameliorate her employment situation, despite her best efforts to do so.

28. Defendant' illegal actions were willful, outrageous and were malicious, and were intended to injure plaintiff, and were done with reckless

indifference to plaintiff's protected rights, entitling plaintiff to punitive damages.

V.      **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION  -- Race Discrimination – Failure to Promote - 42 U.S.C. Sections 1981**

29.     Plaintiff hereby repeats and realleges each allegation contained in each numbered paragraph above.

30.     Defendant subjected plaintiff to unlawful and intentional racial discrimination by favoring non-black nurses for promotion to Case Manager Nurse Level II positions, and in fact, failed to so promote plaintiff, despite her superior qualifications, to that position on November 25, 2014. Indeed, municipal defendants promoted a less qualified white nurse over plaintiff. Thus, defendants violated 42 U.S.C. Section 1981.

**SECOND CAUSE OF ACTION  -- Race Discrimination – Retaliation  - 42 U.S.C. Sections 1981**

31.     Plaintiff hereby repeats and realleges each allegation contained in each numbered paragraph above.

32.     Defendants subjected plaintiff to unlawful and intentional retaliation by refusing to promote plaintiff to Case Manager Nurse, Level II in November 2014, after she complained about and opposed such racial

discrimination in April, August and September 2014. Thus, defendants violated 42 U.S.C. Section 1981.

**THIRD CAUSE OF ACTION -- Race Discrimination – Failure to Promote - 42 U.S.C. Sections 1983**

33. Plaintiff hereby repeats and realleges each allegation contained in each numbered paragraph above.

34. Defendant subjected plaintiff to unlawful and intentional racial discrimination by favoring non-black nurses for promotion to Case Manager Nurse Level II positions, and in fact, failed to so promote plaintiff, despite her superior qualifications, to that position on November 25, 2014. Indeed, municipal defendants promoted a less qualified white nurse over plaintiff without any rational any basis and in a manner that was different from how a majority of similarly whites have been so treated. Thus, defendants violated the 14th Amendment of the United Stats Constitution, as made actionable by 42 U.S.C. Section 1983.

**SECOND CAUSE OF ACTION -- Race Discrimination – Retaliation - 42 U.S.C. Sections 1983**

35. Plaintiff hereby repeats and realleges each allegation contained in each numbered paragraph above.

36. Defendants subjected plaintiff to unlawful and intentional

9

retaliation by refusing to promote plaintiff to Case Manager Nurse, Level II in November 2014, without rational basis, after she complained about and opposed such racial discrimination in April, August and September 2014. Thus, defendants violated the 14th Amendment of the United States Constitution as made actionable by 42 U.S.C. Section 1983.

WHEREFORE, plaintiff prays that:

a. Back pay and the value of lost benefits up to the date of trial for any unfair failures to promote her;

b. Damages, both compensatory and punitive, for the wrongs alleged herein and requests that this court also grant:

c. Reasonable attorneys' fees and costs in prosecuting this action; and

d. Trial by a jury; and

e. Any other equitable relief that the Court deems appropriate, including reinstatement.

Dated: New, New York
March 1, 2016                     Respectfully Submitted,
                                  Law Offices of Ambrose Wotorson
                                  By_____s//_____
                                  Ambrose W. Wotorson, Jr.
                                  225 Broadway, 41st Floor
                                  New York, New York 10007
                                  646-242-3227
                                  Loaww1650@aol.com